**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TOBIAS L. ROLLE,**

     Petitioner,

v.                                       Case No. 4:20cv372-AW/MAF

**MARK INCH, Secretary,
Florida Department of Corrections,**

     Respondent.

_____/

## **REPORT AND RECOMMENDATION**

On July 23, 2020, Petitioner Tobias L. Rolle, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He has not paid the $5.00 filing fee or filed a motion for leave to proceed in forma pauperis (IFP).

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The petition should be dismissed for lack of jurisdiction as it is an unauthorized successive petition. *See* Rule 4, R. Gov. § 2254 Cases (authorizing

dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

The petition indicates Rolle challenges his conviction dated July 27, 2001, and sentence imposed September 21, 2001, by the Second Judicial Circuit, Leon County, Florida, following a jury trial in case number 2000-CF-4064. ECF No. 1 at 1-2. In response to the question asking whether Petitioner has "previously filed any type of petition, application, or motion in a federal court regarding the conviction" challenged in this petition, the box next to "yes" is checked. *Id.* at 12. Rolle indicates he previously filed a pro se § 2254 petition in this Court, assigned case number 4:10cv152-MP/CAS, which was dismissed as untimely. *Id.*

A search of this Court's cases confirms that Rolle previously filed a § 2254 petition in this Court challenging this conviction. *See* Rolle v. Buss, No. 4:10cv152-MP/CAS, ECF No. 12 (second amended petition). By order on March 27, 2013, this Court dismissed that petition as untimely. *See id.* ECF Nos. 31 (Order), 32 (Judgment); *see also id.* ECF No. 27 (Report and Recommendation filed Nov. 8, 2012). Rolle appealed to the Eleventh Circuit Court of Appeals, *see id.* ECF No. 35, and this Court denied a certificate of appealability and leave to appeal in forma pauperis, *see id.* ECF Nos. 39,

43. By order on April 10, 2014, the Eleventh Circuit denied Rolle's application for a certificate of appealability. *Id.* ECF No. 45.

## Analysis

Petitioner Rolle has not shown a jurisdictional basis for this habeas action. This petition challenges his confinement pursuant to the same state court judgment he challenged in his prior § 2254 petition. "The Antiterrorisim and Effective Death Penalty Act gives state prisoners only one opportunity to challenge their sentence in federal court." Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1328 (11th Cir. 2017) (en banc).

The dismissal of Rolle's prior § 2254 petition as time-barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.] § 2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005). *See, e.g.*, Patterson, 849 F.3d at 1325-26 (11th Cir. 2017) ("When his first federal petition was dismissed as untimely, Patterson lost his one chance to obtain federal review of his 1998 judgment. Because Patterson's 2011 petition challenges the 1998 judgment a second time, the district court correctly dismissed it as second or successive." (citation omitted)); McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (citing Murray and holding that dismissal as untimely constitutes merits disposition and renders later

petition second or successive); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (explaining prior untimely petition "counts" to render subsequent petition successive: "[A] statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). *Cf.* Jordan v. Sec'y Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (not discussing the issue but noting that the first petition was denied with prejudice as untimely, and authorization for filing the second or successive petition had been granted). Thus, the instant petition is "second or successive" for purposes of section 2244(b)(3)(A).

This Court cannot consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition); *see also* Rule 9, Rules Gov. § 2254 Cases ("Before presenting a second or successive petition, the petitioner must

obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). *See also* 28 U.S.C. § 2244(b)(2)(B); Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1260 (11th Cir. 2009) (explaining "[t]he stringent requirements that a petitioner must meet before being allowed to assert a claim in a second habeas petition because of newly discovered facts about events that occurred before the filing of the first petition are contained in § 2244(b)(2)(B)" and "the proper procedure would be to obtain from [the Eleventh Circuit] an order authorizing the district court to consider the second or successive petition"); Jordan, 485 F.3d at 1353 (explaining Jordan had filed pro se application in Eleventh Circuit seeking order permitting him to file successive § 2254 petition to raise claim of actual innocence based on newly discovered evidence and "[a] panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so").

Indeed, "[s]ection 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins, 557 F.3d at 1259. Nothing indicates Rolle has obtained such an order from the Eleventh Circuit; indeed, a search this day

Case 4:20-cv-00372-AW-MAF    Document 3    Filed 07/30/20    Page 6 of 8

Page 6 of 8

on PACER, for pending cases in the Eleventh Circuit, revealed no such cases with Petitioner's name. Therefore, this § 2254 petition should be dismissed for lack of jurisdiction.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Petitioner Rolle's § 2254 petition, ECF No. 1, be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final

order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (ECF No. 1) be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 30, 2020.

> **S/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**